**Luther CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38891.

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

Harry A. Nass, Jr., San Antonio (Court Appointed Counsel on Appeal Only), for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway and Richard M. Casillas, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for incest; the punishment, seven years.

While testifying, the prosecutrix, age 13, identified the appellant as her father, with whom she had been living before December 6, 1964, and also living with them were six sisters and brothers of the twelve children in the family; and stated that on December 6, her mother returned home from West Texas where she had been several months picking cotton. The prosecutrix testifed that about two weeks before December 6, the appellant told her to lie down on the front seat of the car which was parked near the house, and he then placed his private parts into hers, and when he was through he told her to go to bed, and she did not fight him because she was afraid he would whip her. She further testified that the appellant had had four acts of intercourse with her but she stated the facts as to only two of them which she said occurred on December 6, and about two weeks before that date.

John, age 14, the brother of the prosecutrix, testified that one night about two weeks before December 6, one of his sisters alerted him and on looking through the window he saw the prosecutrix in the car with her legs open and his father on top of her.

Testifying in his own behalf, the appellant denied having any act of intercourse with the prosecutrix, and testified that his wife was mad because she thought he was running around with another woman, and she had framed this to get rid of him.

Appellant challenges the sufficiency of the evidence to corroborate the testimony of the prosecutrix.

The court instructed the jury that the prosecutrix was an accomplice as a matter of law; and then instructed the jury upon the law requiring the corroboration of the testimony of the accomplice witness before they could convict the appellant.

No motion was made to require the state to elect the act upon which it relied for a conviction. The state did not elect

and the court made no election for the state.

The offense is alleged to have been committed on or about December 6, and the charge to the jury follows said allegation as to the date. A general verdict was returned finding the appellant guilty of incest as charged in the indictment.

■ The testimony of the brother of the prosecutrix sufficiently corroborates that of the prosecutrix as to the act which she testified occurred in the car.

There are no formal bills of exception; and no objections to the court's charge.

■ The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.